PUBLISH

UNITED STATES COURT OF APPEALS

**Filed 10/21/96**

TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

    v.

EDGAR WAYNE WEBB,

    Defendant-Appellant.

No. 95-3393

Appeal from United States District Court
for the District of Kansas
(D.C. No. 92-CR-40056)

Marilyn M. Trubey, Assistant Federal Public Defender (David J. Phillips, Federal Public Defender, with her on the brief), for the appellant.

Thomas G. Luedke, Assistant United States Attorney (Jackie N. Williams, United States Attorney, and Gregory G. Hough, Assistant United States Attorney, on the brief), for the appellee.

Before EBEL, LOGAN, and BRISCOE, Circuit Judges.

BRISCOE, Circuit Judge.

    Defendant Edgar Wayne Webb was convicted of one count of marijuana possession, two counts of possession of unregistered firearms, and two counts of possession of firearms not identified by serial numbers. He appeals his firearms convictions and his sentence. We affirm defendant's sentence and dismiss his attack on

his firearms convictions for lack of jurisdiction.

I.

This is the second appeal in this case. In the first appeal, the government challenged the district court's decision to depart downward from the applicable sentencing guideline range. United States v. Webb, 49 F. 3d 636 (10th Cir.) (Logan, J., dissenting) (Webb I), cert. denied 116 S. Ct. 121 (1995). Defendant did not file a direct appeal or a cross-appeal to challenge either his convictions or any aspect of his sentencing. The Webb I panel described the basic facts of the case:

> As part of a marijuana eradication effort, the Morris County sheriff, the Kansas National Guard, and the Kansas Bureau of Investigation (KBI) engaged in surveillance efforts to locate cultivated marijuana. Aerial surveillance revealed marijuana at defendant Edgar Wayne Webb's residence. The sheriff and a KBI agent confirmed that observation by viewing defendant's yard from a nearby football field. The next day, KBI agents executed a search warrant and found 142 cultivated marijuana plants in a fenced area of defendant's backyard. Defendant consented to a search of his house, where agents found additional marijuana. They also discovered a .22 caliber semiautomatic rifle with a homemade silencer attached and a second, partially-complete homemade silencer.
> Defendant cooperated throughout the agents' search and admitted to cultivating the marijuana. He showed the agents his "personal stash" of marijuana and stated that he was addicted to the substance. Defendant asserted that he grew the marijuana for his own use and that he neither sold nor gave it away.
> A jury convicted defendant of possession of marijuana in violation of 21 U.S.C. § 844(a), and of possession of unregistered firearms and firearms not identified by a serial number in violation of 26 U.S.C. § 5861(d) and (i). [Note: Defendant was acquitted of possessing marijuana with intent to distribute and of using a firearm in relation to a drug trafficking crime.] The Sentencing Guidelines prescribed a range of twenty-seven to thirty-three months imprisonment for these offenses. The district court, however, sentenced defendant to three years probation (including six months of home confinement).

Id. at 637. In Webb I, this court agreed with the government that the district court erred in granting a downward departure from the sentence guideline range prescribed by the Sentencing Guidelines and remanded the case to the district court for resentencing. This court held the circumstances relied upon by the district court in departing downward were

-2-

typical circumstances already considered by the Sentencing Commission in formulating the guideline range and, therefore, could not justify a downward departure. In remanding, this court directed the district court to impose a sentence within the guideline range of 27-33 months. On remand, the district court sentenced defendant to a term of imprisonment of 27 months, the low end of the guideline range. Defendant subsequently filed this appeal and is currently free on bond pending the outcome of the appeal.

II.

A.   *Did the district court err in concluding it did not have discretion to depart downward from the guideline range at the time of resentencing?*

At the time of resentencing, defendant asked the district court to depart downward from the guideline range, based on a combination of three factors: (1) defendant's psychiatric history and condition; (2) the need for defendant to care for his minor son; and (3) the unsophisticated nature of the silencers.[1] Notably, these were the same factors relied upon by the district court in departing downward at the time of the original sentencing. At the resentencing hearing, the court rejected defendant's request, stating: "I don't think sending this man to the penitentiary is the right thing to do but I don't think I have any option. And for that reason, the request of the defense for the relief sought is denied." R 9 at 13.

On appeal, defendant argues the district court erred in concluding it did not have discretion to depart downward. Although defendant acknowledges this court previously rejected each of the three cited factors as a basis for downward departure, he nevertheless claims it would have been appropriate for the district court to consider the factors in

---

[1] The "silencers" at issue here were made of old toilet paper tubes and stuffing from some old stuffed animals.

-3-

combination and depart downward based on that combination. According to defendant, neither the law of the case doctrine nor the mandate rule prevented the district court from departing downward.

Under the law of the case doctrine, findings made at one point during litigation become the law of the case for subsequent stages of that same litigation. United States v. Bell, 988 F.2d 247, 250 (1st Cir. 1993). A complementary theory, the mandate rule, "generally requires [district] court conformity with the articulated appellate remand," but the mandate rule "is a discretion-guiding rule subject to exception in the interests of justice." United States v. Moore, 83 F.3d 1231, 1234 (10th Cir. 1996). A district court may depart from an appellate court's mandate under exceptional circumstances, including "(1) a dramatic change in controlling legal authority; (2) significant new evidence that was not earlier obtainable through due diligence but has since come to light; or (3) [if] blatant error from the prior sentencing decision would result in serious injustice if uncorrected." Id.

Reviewing this court's directions to the district court in Webb I, we conclude the mandate rule prohibited the district court from departing downward from the guideline range enunciated. Although resentencing on remand is typically de novo, this does not hold true where an appellate court has specifically limited a district court's discretion. United States v. Bell, 5 F.3d 64, 67 (4th Cir. 1993) (similar to Webb I in terms of appellate court mandate). Here, the Webb I panel specifically instructed the district court to resentence defendant within the guideline range of 27-33 months and did not grant the court the opportunity to consider mitigating factors. Stated differently, the mandate in Webb I directed the district court to do one thing on remand--impose a sentence within

the 27- to 33- month range. In fact, it was this very limitation on the district court's sentencing discretion which the dissent in Webb I protested. The district court could have deviated from the Webb I panel's directions only if one of the exceptional circumstances outlined above existed. The district court on remand did not find any such circumstances existed and defendant does not argue on appeal that such circumstances existed.

Although defendant correctly noted the Webb I panel did not specifically address the combination of factors as a possible justification for downward departure, we conclude the "combination" theory was implicitly rejected by the Webb I panel. This assumption is based on the fact that Webb I specifically addressed and rejected each of the three individual factors. Nothing in the opinion suggests a combination of the three factors would be sufficient to allow a downward departure. Our conclusion is bolstered by the fact that, after Webb I was issued, defendant filed a motion for rehearing in which he asserted his combination theory. It is obvious the panel intended to reject the combination theory by denying that motion. The district court did not err in refusing to consider a combination of factors as possible justification for downward departure.

B.  *Did the district court err in enhancing defendant's base offense level pursuant to U.S.S.G. § 2K2.1(b)(4)?*

At the time of defendant's original sentencing, the district court imposed a two-level enhancement to defendant's offense level pursuant to U.S.S.G. § 2K2.1(b)(4), which provides for an upward adjustment "[i]f any firearm was stolen, or had an altered or obliterated serial number." Defendant objected to the enhancement. The court overruled his objection and stated as its basis for application of this section the seizure by law enforcement authorities from defendant's residence of a Raven Arms .25 caliber semiautomatic pistol that had no serial number. The court held:

As to the defendant's formal objection, the presentence investigation report is correctly prepared with respect to this issue regarding the enhancement for the specific offense characteristic of having an obliterated or altered serial number. The relevant conduct in this case involves a Raven Arms .25 caliber semi-automatic pistol that had no serial number. Based on this factor alone, the enhancement is warranted in addition to the fact that the silencers do not have serial numbers also. Therefore defendant's objection is denied.

R 2 at 21-22. Although defendant was not charged with any crime related to the pistol, the court apparently believed his possession of the pistol fell within the scope of "relevant conduct" under U.S.S.G. § 1B1.3 and considered it appropriate to enhance his sentence because the pistol had no serial number. Defendant did not file a direct appeal or a cross-appeal to challenge this enhancement.

At the time of resentencing, defendant reasserted his original objections to the enhancement, but the district court did not address his objections. On appeal, defendant argues the court erred in enhancing his sentence in this manner. Curiously, however, defendant fails to acknowledge the enhancement was based on the pistol, but appears to assume it was based only on the homemade silencers which were the basis of his firearms convictions. Based on this erroneous assumption, defendant argues § 2K2.1(b)(4) was inapplicable because the silencers never had serial numbers and could not have been altered or obliterated.

We typically review a district court's factual determinations for clear error and its legal interpretation of the guidelines de novo. United States v. Janus Industries, 48 F.3d 1548, 1559-60 (10th Cir.) (obstruction of justice and acceptance of responsibility), cert. denied 116 S. Ct. 87 (1995); United States v. Rowlett, 23 F.3d 300, 303 (10th Cir. 1994) (stolen firearm). Here, however, there are two reasons which obviate our need to closely examine the district court's factual findings or legal interpretations. First, as outlined,

defendant's argument rests entirely on a misinterpretation of the court's rationale for applying § 2K2.1(b)(4). Second, the limited scope of the Webb I remand did not provide the court with authority to review defendant's renewed objection to enhancement. See United States v. Pimentel, 34 F.3d 799, 800 (9th Cir. 1994), cert. denied 115 S. Ct. 777 (1995). This issue was not appealed by defendant in Webb I; therefore, the district court's initial ruling on the enhancement became final. Thus, the district court did not err in declining to address defendant's objections at the time of resentencing.

   c.    *Defendant's challenges to his firearms convictions (counts 2-5).*

   During the search of defendant's home, law enforcement authorities discovered a .22 caliber Marlin rifle with an attached homemade silencer device. Authorities also discovered a second similar homemade silencer device. Based on these two "silencers," defendant was charged with four counts of violating the National Firearms Act. In counts 2 and 4 of the indictment, he was charged with possession of unregistered firearms, in violation of 26 U.S.C. § 5861(d). In counts 3 and 5 of the indictment, he was charged with possession of firearms not identified by serial numbers, in violation of 26 U.S.C. § 5861(i). Defendant was convicted on all four counts. He did not appeal those convictions either by filing a direct appeal or by filing a cross-appeal after the government had filed an appeal challenging the district court's downward departure.

   In the present appeal, defendant challenges the firearms convictions on two related grounds. First, he argues the jury was not properly instructed in light of the Supreme Court's decision in Staples v. United States, 511 U.S. 600 (1994), which was issued approximately nine months after his trial. In particular, defendant complains the jury instructions contained no mens rea requirement with respect to any of the four firearms

counts. Second, defendant argues even if the jury had been properly instructed, there was insufficient evidence to support any of the firearms convictions. These arguments are raised for the first time in this appeal; defendant has not asserted either of these arguments before the district court, either at trial or after remand in Webb I.

We conclude that we are without jurisdiction to review defendant's challenges to his firearms convictions. In United States v. Mendes, 912 F.2d 434 (10th Cir. 1990), we held: "The grant of remand on appeal does not reopen the order appealed from; instead, remand commences a new proceeding which will ultimately terminate in another final order. The first final order cannot be challenged in an appeal of the second final order." Id. at 437. Applying these principles, it is apparent the firearms convictions, which were incorporated as part of the district court's original judgment, cannot be challenged by defendant in his appeal from the district court's amended judgment entered pursuant to the limited Webb I remand. More specifically, our jurisdiction to review issues now presented is limited by the scope of our remand and the resulting amended judgment. Our remand on the sentencing question did not reopen for review the underlying convictions.

We emphasize, however, that our holding does not prohibit defendant from seeking relief from his firearms convictions under 28 U.S.C. § 2255. See, e.g., United States v. Ross, 40 F.3d 144 (7th Cir. 1994) (granting relief to § 2255 petitioner in light of Staples). Rather, we conclude we have no jurisdiction in this appeal to address defendant's challenges to those convictions.

### III.

The appeal from defendant's sentence is AFFIRMED. The appeal from defendant's convictions on counts 2-5 is DISMISSED for lack of jurisdiction.