**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 18 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

EDITH FAYE WACKER, also known
as Edie Wacker,

  Defendant - Appellant.

No. 96-3379

D. Kansas

(D.C. No. 92-CR-40042)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **HENRY**, and **BRISCOE**, Circuit Judges.

---

  After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.

  Edith Faye Wacker pleaded guilty to one count of conspiracy to possess with the intent to distribute marijuana in violation of 21 U.S.C. § 846 and to one

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

count of unlawful use of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c).  On appeal, we remanded Wacker's sentence "with instructions that the district court specifically articulate the factual basis and findings necessary for imposing the 'manager or supervisor' enhancement under USSG § 3B1.1(b)."  United States v. Wacker, 72 F.3d 1453, 1480 (10th Cir.), cert. denied, 117 S. Ct. 136 (1996).

Prior to resentencing, Wacker filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate the conviction and sentence imposed on the § 924(c) count.  The government conceded that there is an insufficient factual basis for her guilty plea, and the district court accordingly vacated Wacker's conviction and sentence as to the § 924(c) violation.  The court then resentenced her and included a two-level enhancement pursuant to USSG § 2D1.1(b)(1) for possession of a firearm during a drug trafficking offense.  Wacker argues that the district court violated our mandate by conducting resentencing on issues not decided in the direct appeal and that the district court lacked jurisdiction to resentence her on a count of conviction not challenged in her § 2255 motion.

While we agree with Wacker that our mandate was limited to resentencing on the specific issue of the "manager or supervisor" enhancement under USSG § 3B1.1(b), see United States v. Webb, 98 F.3d 585, 587-88 (10th Cir. 1996), cert. denied, 117 S. Ct. 1097 (1997), her subsequent filing of a § 2255 motion

broadened the scope of the resentencing. When the district court has itself vacated a count of conviction pursuant to a § 2255 motion, it has jurisdiction to determine the scope of resentencing. See United States v. Moore, 83 F.3d 1231, 1235 (10th Cir. 1996). And in United States v. Mendoza, 118 F.3d 707, 709-10 (10th Cir.), cert. denied, 1997 WL 612704 (U.S. Nov. 3, 1997), we specifically held that in a § 2255 proceeding the district court has jurisdiction to enhance the sentence pursuant to USSG § 2D1.1(b)(1) after vacating a § 924(c) conviction. We therefore agree with the district court that "it is unnecessary in the context of evaluating Edith Wacker's § 2255 motion for the court to consider whether it is constrained by the Tenth Circuit's mandate from enhancing her sentence pursuant to § 2D1.1(b)(1)," United States v. Wacker, 1996 WL 596744, at *2 (D. Kan. Sept. 16, 1996), and that her sentence was properly enhanced upon resentencing.

Accordingly, the sentence imposed by the district court is AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge