UNITED STATES of America, Plaintiff–Appellee,

v.

Johnny Todd ALLEN, Defendant–Appellant.

No. 01–8062.

United States Court of Appeals, Tenth Circuit.

May 29, 2002.

Before HENRY, PORFILIO, and ANDERSON, Circuit Judges.

**ORDER AND JUDGMENT**\*

STEPHEN H. ANDERSON, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unani-

mously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Johnny Todd Allen appeals from a 200 month drug trafficking sentence imposed by the district court following a remand by this court for resentencing. We affirm.

## BACKGROUND

Allen was originally charged in a multi-count indictment with conspiring to possess with intent to distribute methamphetamine, marijuana, and cocaine, in violation of 21 U.S.C. § 846. While the individual counts did not specify a drug quantity, the "MANNER AND MEANS" section of the indictment stated that Allen and his coconspirators "possessed with intent to distribute, and distributed, in excess of one-half kilogram of methamphetamine, one kilogram of cocaine, and hundreds of pounds of marijuana." Indictment at 5, R. Vol. 1, Doc 26. Allen was convicted and sentenced to 268 months imprisonment.

Following Allen's conviction, the Supreme Court issued *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), in which it held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. We subsequently held in *United States v. Jones,* 235 F.3d 1231 (10th Cir. 2000) that, in 21 U.S.C. § 841 drug prosecutions, the quantity of drugs is an essential element of the crime which must be specified in the indictment and found beyond a reasonable doubt by the jury in order to sentence a defendant under section 841(b)(1)(A) or (B). *Id.* at 1236. Further, if the indictment does not charge a specific quantity of drugs and the jury

does not find that quantity, the defendant can only be sentenced to a maximum of twenty years pursuant to section 841(b)(1)(C), the penalty provision applicable to general possession of an unspecified quantity of drugs. *See id.*

Citing *Apprendi* and *Jones,* Allen appealed his conviction and sentence, arguing a single issue: whether his conviction and sentence were valid where the indictment failed to include drug quantities and the issue of drug quantity was not submitted to the jury and proven beyond a reasonable doubt. This court affirmed Allen's conviction, but remanded the case "with directions to vacate defendant's sentence and to resentence him within the statutory range authorized by 21 U.S.C. § 841(b)(1)(C)." *United States v. Allen,* No. 00–8054, 2001 WL 578502 at *2, 9 Fed.Appx. 936 (10th Cir. May 30, 2001). As indicated, section 841(b)(1)(C) is the statute applicable to a conviction for possession of an unspecified quantity of drugs. On remand, the district court sentenced Allen to 200 months, a term within the range authorized by section 841(b)(1)(C).

Allen appeals again, raising a single new issue: whether his sentence imposed on remand is invalid because, although he was indicted for a conspiracy involving methamphetamine, cocaine and marijuana, the jury's general verdict did not specify which controlled substance supported its verdict of guilty. He asserts, therefore, that he should have been sentenced only for his involvement with an unspecified quantity of the substance carrying the least severe statutory maximum—in this case, marijuana, which, under 21 U.S.C. § 841(b)(1)(D), carries a statutory maximum of five years. We disagree.

## DISCUSSION

"Ordinarily, we will not review in a second direct appeal an issue that underlies a

previously affirmed conviction." *United States v. Gama–Bastidas*, 222 F.3d 779, 784 (10th Cir.2000). Two other "related principles" inform that general rule: "First, '[u]nder the law of the case doctrine, findings made at one point during litigation become law of the case for subsequent stages of that same litigation.' Second, under the mandate rule, the district court should act in conformity with the appellate court's mandate...." *Id.* (quoting *United States v. Webb*, 98 F.3d 585, 587 (10th Cir.1996) ("*Webb II*")); *see also Ute Indian Tribe v. Utah*, 114 F.3d 1513, 1520–21 (10th Cir.1997) ("An important corollary of the [law of the case] doctrine, known as the 'mandate rule,' provides that a district court 'must comply strictly with the mandate rendered by the reviewing court.' ") (quoting *Colorado Interstate Gas Co. v. Natural Gas Pipeline Co. of Am.*, 962 F.2d 1528, 1534 (10th Cir.1992)).

Our "mandate rule" is not jurisdictional, and there are exceptions to its application. Thus, "a district court may deviate from the mandate 'under exceptional circumstances, including (1) a dramatic change in controlling legal authority; (2) significant new evidence that was not earlier obtainable through due diligence but has since come to light; or (3) if blatant error from the prior ... decision would result in serious injustice if uncorrected.' " *Huffman v. Saul Holdings Ltd. P'ship*, 262 F.3d 1128, 1133 (10th Cir.2001) (quoting *Webb II*, 98 F.3d at 587). Accordingly, while sentencing on remand is normally conducted de novo, the mandate rule prohibits such de novo sentencing "where an appellate court has specifically limited a district court's discretion." *Webb II*, 98 F.3d at 587. The interpretation of the mandate is a legal issue which we review de novo. *Mason v. Texaco, Inc.*, 948 F.2d 1546, 1550 (10th Cir.1991).

In this case, our court specifically limited the district court's discretion when it remanded the case "with directions to vacate defendant's sentence *and to resentence him within the statutory range authorized by 21 U.S.C. § 841(b)(1)(C)."* *Allen*, 2001 WL 578502 at *2 (emphasis added). In *United States v. Webb*, 49 F.3d 636 (10th Cir.1995) (*Webb I*), the government appealed the district court's departure downward from a guideline sentence for the defendant's conviction for, *inter alia*, possession of marijuana. Finding the district court's downward departure erroneous, a panel of this court remanded the case "for resentencing within the prescribed range of twenty-seven to thirty-three months imprisonment." *Id.* at 640. On remand, the defendant was sentenced to 27 months imprisonment. The defendant then appealed his sentence, arguing the district court erred in believing it lacked the discretion to depart downward again on remand. Another panel of this court affirmed, concluding that the district court correctly resentenced the defendant in accordance with the mandate of *Webb I*. As the court observed in *Webb II*, "the mandate in *Webb I* directed the district court to do one thing on remand—impose a sentence within the 27– to 33–month range." *Webb II*, 98 F.3d at 588. Accordingly, we held in *Webb II* that the mandate rule had properly prohibited the district court on remand from departing from that 27– to 33–month range.

Similarly, in this case, our court's mandate instructed the district court to do one thing on remand—sentence Allen under section 841(b)(1)(C). That is precisely what the district court did. The mandate rule correctly prohibited the district court from sentencing Allen under a different statutory provision.

Additionally, Allen never challenged the jury's general verdict in his first appeal, or

asserted that his sentence should be controlled by section 841(b)(1)(D). Indeed, in his brief in his first appeal to this court, he conceded that he had been "convicted of an offense carrying a statutory maximum of 20 years." Appellant's Opening Br. in No. 00–8054 at 24, Attachment 1 to Addendum to Appellee's Br. at 30. In that first appeal, Allen sought either to have his conviction vacated or, alternatively, argued that "the case should be remanded for resentencing and the sentence limited to the maximum of 20 years imprisonment." *Id.* at 25, Addendum to Appellee's Br. at 31. Accordingly, when this court remanded his case for resentencing under section 841(b)(1)(C), which provides for a twenty year maximum, Allen received precisely the relief he had affirmatively sought.

### CONCLUSION

For the foregoing reasons, Allen's sentence is AFFIRMED.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.