FILED
United States Court of Appeals
Tenth Circuit

July 15, 2015

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellant,

v.

DEWEY C. MacKAY, III,

     Defendant-Appellee.

No. 14-4093
(D.C. No. 1:10-CR-0094-DB-1)
(D. Utah)

---

ORDER AND JUDGMENT[*]

---

Before **LUCERO**, **SEYMOUR**, and **GORSUCH**, Circuit Judges.

---

After a jury trial Dr. Dewey MacKay found himself convicted of forty

federal charges. On appeal he argued (among other things) that the trial record

contained insufficient evidence to support his convictions on two counts of

distributing a controlled substance that "result[ed]" in death. *See* 21 U.S.C.

§ 841(a)(1), (b)(1)(C), (b)(1)(E)(i). This court disagreed. It found sufficient

evidence existed to support those convictions but remanded the case in light of

some unrelated sentencing errors. *United States v. MacKay*, 715 F.3d 807, 830,

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

846-47 (10th Cir. 2013). Shortly after our decision and while the case was before the district court on remand, the Supreme Court issued *Burrage v. United States*, 134 S. Ct. 881 (2014). *Burrage* held that to secure a conviction for distributing a drug that "results" in death the government must prove the victim's use of the drug "is a but-for cause of the death," at least when the drug isn't "an independently sufficient cause of the victim's death." *Id.* at 892. In the district court's view, its jury instructions failed to conform to *Burrage*'s newly announced standard so it vacated Dr. MacKay's convictions on the two affected counts even as it kept the remaining thirty-eight other convictions in place.

The government now appeals this latest decision. It argues that the district court on remand had no business reconsidering Dr. MacKay's two distribution-resulting-in-death convictions. In the government's view, this court's mandate allowed the district court to reconsider only Dr. MacKay's sentence, not his convictions. That's true but it's not quite dispositive. The mandate rule is a subspecies of law of the case doctrine and an important one at that: it ensures that rulings settled on appeal remain settled by limiting the district court's latitude to revisit them on remand. *United States v. Webb*, 98 F.3d 585, 587 (10th Cir. 1996). But law of the case rules, while vital, are not without exceptions important in their own right. One important exception allows the district court to depart from an appellate mandate when there's an intervening and "dramatic change in controlling legal authority." *United States v. Moore*, 83 F.3d 1231,

1234 (10th Cir. 1996).  And the district court expressly invoked this exception in this case, holding that *Burrage* represented a dramatic change in the law.

Neither do we discern any error in this conclusion.  At trial, the district court gave the jury no guidance on what the government must prove to show that a death "resulted from" the drugs in question.  Without any guidance on that score, the jury easily could have understood the term as suggesting a lesser causation standard than *Burrage* demands — perhaps along the lines of a "substantial factor" in or "contributing to" the victim's death.  Indeed, before *Burrage* a long line of cases required only this lesser level of proof in similar circumstances.  *See, e.g.*, *United States v. Monnier*, 412 F.3d 859, 861-82 (8th Cir. 2005); *People v. Jennings*, 237 P.3d 474, 496 (Cal. 2010); *State v. Christman*, 249 P.3d 680, 687 (Wash. App. 2011); *Commonwealth v. Osachuk*, 681 N.E.2d 292, 294 (Mass. App. 1997).  And in *Burrage* itself the government took the view that the statute required it to prove only that the drug in question "contribute[d] to" death.  Br. for the United States at 22-26, *Burrage*, 134 S. Ct. 881 (No. 12-7515).  It's obvious, then, why the district court judged *Burrage* to represent a serious change in the law that it had to account for.

Against this, the government points out that this court in *MacKay* anticipated and applied *Burrage*'s causation standard when assessing whether sufficient evidence existed in the record to support the jury's verdict.  This observation, however, is beside the point.  The district court departed from the

- 3 -

mandate because it viewed *Burrage* as indicating that its jury instructions were legally erroneous. Before us the government itself never questions the district court's judgment on this score, nowhere disputing that court's assessment that it failed to instruct the jury as *Burrage* requires. And an erroneously instructed jury is an entirely different and independent problem than a record lacking legally sufficient evidence to support a conviction, though of course either one can lead to a verdict's undoing. Coming at the point from another angle: a defendant is generally entitled to a conviction supported both by a properly instructed jury and by legally sufficient evidence. An appellate ruling that a hypothetical jury had enough evidence to convict under hypothetical and correct instructions doesn't necessarily entail the conclusion that a jury that convicted under admittedly erroneous instructions would've convicted under proper ones. The government's argument in this court simply conflates these independent concepts and legal demands. *See, e.g.*, *Griffin v. United States*, 502 U.S. 46, 59-60 (1991); *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *United States v. Holly*, 488 F.3d 1298, 1304, 1311 n.11 (10th Cir. 2007) (reversing based on erroneous jury instructions although "the government has presented sufficient evidence to permit a jury to find Holly guilty").

So it is the government is left to retreat in this way. Now it contends Dr. MacKay forfeited any challenge to the jury instructions by failing to challenge them in the first appeal. Because of this at least, the government argues, the

- 4 -

district court should not have entertained any argument about the jury instructions on remand. But even assuming without deciding that a forfeiture on appeal might preclude a party from taking advantage of a later dramatic change in law while the case is on remand, the government's argument to this effect faces a forfeiture problem of its own. The government did not raise its forfeiture argument in this appeal until its reply brief — which, of course, means its own argument comes too late and any forfeiture problem has itself been forfeited. *See, e.g.*, *Wheeler v. Comm'r*, 521 F.3d 1289, 1291 (10th Cir. 2008). After all, it's long since settled that law of the case doctrines generally — and forfeiture rules specifically — are ones of policy and practice, not matters affecting our jurisdiction, and their benefits may be lost when not timely asserted. *See, e.g.*, *Moore*, 83 F.3d at 1234-35.

That leaves the government with one more argument still we must consider. And here we agree with it. In vacating Dr. MacKay's convictions, the district court not only found its jury instructions erroneous under *Burrage*, it *also* separately and alternatively held the evidence insufficient when analyzed in light of *Burrage*. But as the government has pointed out, *MacKay* held that the conviction in this case was supported by legally sufficient evidence under a standard consistent with *Burrage*'s. *See* 715 F.3d at 830. And we don't see any exception to the law of the case doctrine that might have allowed the district court to second guess this court's assessment on that score. For while no one before us

questions whether a dramatic difference exists between the jury instructions given in this case and what *Burrage* requires, there is no such dramatic difference (or, really, any difference at all) between the law *Burrage* prescribes and the law this court applied when reviewing the sufficiency of the evidence in the first appeal. So the district court's alternative ground for vacating the convictions on remand cannot stand even as its primary ground proves sound and is by itself enough to permit us to sustain the judgment.

The motion for leave to supplement the appendix is granted. Although the hard copies of the appendix do not include Dr. Hail's testimony, we were able to view the full transcript on the district court docket. *See* Doc. 318, Testimony of Dr. Stacy Hail, at pages 135-86. The judgment of the district court is affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge