**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 7, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PHILIP ANDRA GRIGSBY,

Defendant - Appellant.

No. 16-3061

(D.C. No. 6:12-CR-10174-JTM-1)

(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.

Defendant-Appellant Philip Andra Grigsby, a federal prisoner proceeding

pro se,[1] appeals from the district court's order that his union retirement account

---

[*]    After examining the briefs and appellate record, this panel has decided unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1]    Because Mr. Grigsby appears pro se, we afford his filings liberal

(continued...)

be liquidated with the proceeds applied to his restitution judgment. Mr. Grigsby also has filed a motion to strike the supplemental record submitted by the United States. Exercising jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, we **deny** the motion to strike and **affirm** the district court's order.

## I

Mr. Grigsby pleaded guilty to eight counts of sexual exploitation of a child, 18 U.S.C. § 2251(a), one count of possession of child pornography, 18 U.S.C. § 2252(a)(4)(B), and one count of felon in possession of a firearm, 18 U.S.C. § 922(g)(1). The district court sentenced him to 260 years' imprisonment, 10 years' supervised release, and forfeiture of the property listed in the indictment. Initially, the court deferred ruling on victim restitution to allow for an evidentiary hearing regarding that matter. After that hearing, the court ordered Mr. Grigsby to pay $140,000 in restitution.

Mr. Grigsby has repeatedly challenged his restitution judgment through different avenues of attack in the district court and before us.[2] His latest

---

[1](...continued)
construction, but do not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] We have previously described this case as presenting a "procedural maze"—a very apt description. *United States v. Grigsby* (*Grigsby II*), 579 F. App'x 680, 681 (10th Cir. 2014). We endeavor to restrict our discussion of the factual and procedural history of Mr. Grigsby's litigation subsequent to his criminal conviction to only those matters necessary or helpful for understanding
(continued...)

challenge—forming the basis for this appeal—stems from the district court's order requiring the International Brotherhood of Electrical Workers ("IBEW") Local No. 661 to liquidate a retirement account held on Mr. Grigsby's behalf and to pay the proceeds to the clerk of the court for application to Mr. Grigsby's restitution judgment. Mr. Grigsby failed to disclose the retirement account in a financial affidavit he provided to the United States Probation Office in advance of his sentencing as required by 18 U.S.C § 3664(d)(3). The United States discovered the existence of the retirement account after Mr. Grigsby's sentencing when reviewing documents filed by Mr. Grigsby in his state court divorce proceeding; Mr. Grigsby had disclosed the account as an asset. Specifically, at the time of his sentencing, Mr. Grigsby had a fully vested interest in the IBEW retirement account that was valued at approximately $53,604. The United States has attempted to gain control over the account by various means so that it can be applied to Mr. Grigsby's restitution judgment. To provide helpful context for our resolution of this appeal, we very briefly summarize the history of the litigation culminating in the instant proceedings.

**A**

Before the district court conducted the original restitution hearing, Mr. Grigsby filed his first of many appeals to this court. In his initial appeal, Mr.

---

[2](...continued)
our resolution of the current appeal.

Grigsby challenged only the reasonableness of his 260-year sentence (on both substantive and procedural grounds). He did not challenge his conviction, the terms of his supervised release, or the forfeiture of his property. Nor did he challenge the restitution judgment; it had yet to be entered against him at the time he filed his initial appeal. We upheld the sentence, concluding that it was procedurally and substantively reasonable.

The district court conducted the original restitution hearing on July 29 and 30, 2013. At the close of the hearing, the court entered an amended judgment awarding $126,440 in restitution to the minor victim and $13,560 to her mother (Mr. Grigsby's then-wife). In determining Mr. Grigsby's ability to pay the restitution judgment, the district court relied on a financial affidavit Mr. Grigsby submitted to the United States Probation Office pursuant to 18 U.S.C. § 3664(d)(3). The affidavit, which was included in the Probation Office's Presentence Investigation Report ("PSR"), consisted of cash flow and net worth statements in which Mr. Grigsby listed no current or expected assets. In light of Mr. Grigsby's claimed lack of assets, the court did not order any up-front, lump-sum payment, instead ordering Mr. Grigsby to immediately begin monthly installment payments of not less than ten percent of the funds in his inmate trust fund account.

**B**

Before the instant appeal, Mr. Grigsby had filed two other appeals involving his restitution judgment; they do not directly pertain to the matters at issue here. After those proceedings, the district court considered on remand the government's February 2016 motion, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), for an order attaching Mr. Grigsby's IBEW retirement account and applying it to his restitution judgment. The district court granted the motion pursuant to its authority under either 18 U.S.C. §§ 3664(k) or 3664(n), to revise its restitution judgment. Mr. Grigsby appeals from this order.

Mr. Grigsby contends that the district court improperly amended its original restitution order, which required only that Mr. Grigsby make monthly installment payments of not less than ten percent of the funds in his inmate trust fund account. More specifically, Mr. Grigsby argues that the court's reliance on 18 U.S.C. §§ 3664(k) and 3664(n) to amend its restitution judgment was improper and misplaced because (1) discovery of the retirement account does not constitute a change in his economic circumstances, 18 U.S.C. § 3664(k), and (2) the retirement account is not an "inheritance" or "settlement," 18 U.S.C. § 3664(n). Mr. Grigsby also contends that the monthly cash flow and net worth statements that he executed prior to his sentencing—in which he failed to disclose his interest in the retirement account—"should be viewed as moot" because they are unreliable and therefore should not have been considered by the district court. *See* Aplt.'s Opening Br. at 2–5. Mr. Grigsby's overarching argument is that he

-5-

should be allowed to place the retirement-account assets in a trust fund for his children (one of whom is the minor victim in this case), which would be administered by his mother, Carmelita Christensen. For the reasons noted below, we reject Mr. Grigsby's arguments.

## II

Before turning to the merits of Mr. Grigsby's appeal, we pause to address his outstanding Objection to Appellee's Motion to Supplement Record, which we construe as a motion to strike from the record certain documents that the government filed with this court. The supplemental record that the government submitted consists of the parties' various motions and the district court's order and opinion regarding the disposition of the retirement account. It also includes Mr. Grigsby's plea agreement and the original judgment that the district court entered. Mr. Grigsby argues that these documents should be stricken from the record because they are not relevant. Mr. Grigsby is incorrect. The documents included in the supplemental record are either directly relevant to the order that forms the basis of Mr. Grigsby's appeal or provide useful context for that order. Therefore, we deny Mr. Grigsby's motion to strike the supplemental record. *Cf. United States v. Hernandez*, 94 F.3d 606, 611 n.3 (10th Cir. 1996) (denying motions to supplement the record because "consideration of this evidence is not necessary to our decision"); *United States v. Haddock*, 50 F.3d 835, 841 n.4 (10th

Cir. 1995) (denying motion to supplement the record because the proferred materials were "neither necessary nor helpful to the resolution of [the] appeal").

**III**

We next turn to the merits of Mr. Grigsby's appeal. Mr. Grigsby asserts an evidentiary argument and also a challenge to the district court's statutory interpretation of 18 U.S.C. §§ 3664(k) and 3664(n).

**A**

On appeal, Mr. Grigsby contends that the financial statements that make up the financial affidavit that he was required to file before sentencing were unreliable and that the district court should not have considered them. Specifically, prior to being sentenced, Mr. Grigsby was required to provide a financial affidavit to the United States Probation Office. *See* 18 U.S.C. § 3664(d)(3) ("Each defendant shall prepare and file with the probation officer an affidavit fully describing the financial resources of the defendant, including a complete listing of all assets owned or controlled by the defendant as of the date on which the defendant was arrested . . . ."). The financial affidavit consisted of two forms: (1) a net worth statement, and (2) a monthly cash flow statement. Mr. Grigsby completed the affidavit and it was included in the PSR.

Mr. Grigsby's challenge to the reliability of the two forms comprising the financial affidavit comes much too late, however. Pursuant to Federal Rule of

Criminal Procedure 32(f), Mr. Grigsby had fourteen days to object to any material information contained within the PSR, including the financial affidavit. Fed. R. Crim. P. 32(f) ("Within 14 days after receiving the presentence report, the parties must state in writing any objections, including objections to material information . . . contained in or omitted from the report."). The final PSR was filed on March 21, 2013, and Mr. Grigsby did, in fact, submit a number of timely objections to the PSR; however, he did not lodge any objections challenging the accuracy and reliability of the financial affidavit. *See* Defendant's Objections to Final PSR and Summary/Checklist of Objections, *United States v. Grigsby*, No. 6:12-CR-10174 (D. Kan. Mar. 22, 2013), ECF No. 58.[3] Consequently, the district court never had an opportunity to consider Mr. Grigsby's concerns regarding the reliability of the financial affidavit included in the PSR. Furthermore, in his first direct appeal, Mr. Grigsby challenged his sentence on procedural and substantive reasonableness grounds, but again said nothing regarding the reliability of the

---

[3]     Neither Mr. Grigsby nor the United States (in its supplemental record) included Mr. Grigsby's PSR objections in their filings or in the record before us. We may, however, take judicial notice of Mr. Grigsby's earlier filings to confirm that he did not previously raise his current objections to the PSR. *See, e.g.*, *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) ("[W]e may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand."); *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system . . . .").

information in the financial affidavit.  *See United States v. Grigsby* (*Grigsby I*), 749 F.3d 908 (10th Cir. 2014), *cert. denied*, 135 S. Ct. 214 (2014).

Mr. Grigsby does not address here his untimely presentation of this evidentiary issue.  In particular, he offers nothing that would dissuade us from the seemingly patent conclusion that Mr. Grigsby's opportunity to challenge the accuracy and reliability of his financial affidavit passed more than three years ago and that this issue is therefore waived.  In this regard, we have declined to consider appellate challenges not raised in a prior appeal when they could have been so raised.  *See United States v. Gama-Bastidas*, 222 F.3d 779, 784 (10th Cir. 2000) ("Ordinarily, we will not review in a second direct appeal an issue that underlies a previously affirmed conviction."); *see also United States v. Webb*, 98 F.3d 585, 589 (10th Cir. 1996) (explaining that "the limited scope of the . . . remand did not provide the court with authority to review defendant's renewed objection to enhancement.  This issue was not appealed by defendant in [the first appeal]; therefore, the district court's initial ruling on the enhancement became final.  Thus, the district court did not err in declining to address defendant's objections at the time of resentencing." (citation omitted)).

Though improbable, at best, Mr. Grigsby's objections to the reliability of the information in his financial affidavit—having not been raised before the district court in the instant case—could be deemed forfeited, rather than waived. *See, e.g.*, *United States v. Cruz-Rodriguez*, 570 F.3d 1179, 1183 (10th Cir. 2009)

("distinguish[ing] between issues involving waiver, which do not receive appellate review, and those involving forfeiture, which we review for plain error"); *United States v. Carrasco-Salazar*, 494 F.3d 1270, 1272 (10th Cir. 2007) ("Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.'" (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993))); *see also* Ian S. Speir & Nima H. Mohebbi, *Preservation Rules in the Federal Courts of Appeals*, 16 J. OF APP. PRAC. & PROC. 281, 284 (2015) ("Unlike a waived argument, a forfeited argument may be grounds for reversal on appeal, but only if affirming the district court would result in plain error."). But, if so, Mr. Grigsby's failure to address the untimeliness of his objections through a plain-error argument effectively leads us to the same place—*viz.*, we will decline to consider the objections. *See, e.g.*, *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1131 (10th Cir. 2011) ("[T]he failure to argue for plain error and its application on appeal . . . surely marks the end of the road for an argument for reversal not first presented to the district court.").[4]

**B**

---

[4] Mr. Grigsby also briefly argues that the monthly cash flow and net worth statements "do not qualify as an affidavit" for purposes of 18 U.S.C. § 3664(d)(3). Aplt.'s Opening Br. at 5. As with Mr. Grigsby's challenges to the reliability of the information in these statements, this argument is waived or otherwise not preserved for our consideration.

We next turn to Mr. Grigsby's statutory arguments. The district court held that 18 U.S.C. §§ 3664(k) and 3664(n) provided alternative grounds on which it could rely to alter its restitution judgment and issue an order, pursuant to 28 U.S.C. § 1651(a), requiring IBEW Local No. 661 to liquidate the retirement account and pay the proceeds to the clerk of the court for application to Mr. Grigsby's amended restitution judgment. Because we conclude that the district court correctly held that the discovery of the concealed retirement account qualified as a change in economic circumstances for purposes of 18 U.S.C. § 3664(k), we affirm the district court's order on this ground and need not reach Mr. Grigsby's § 3664(n) argument.

A district court has discretion to modify an order of restitution when there is a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k). A change is material if it affects—negatively or positively—the defendant's ability to pay restitution. *See Grigsby II*, 579 F. App'x at 684 (citing *Cani v. United States*, 331 F.3d 1210, 1215 (11th Cir. 2003)). Such a material change may be brought to the court's attention by (1) the defendant, (2) the government, or (3) the victim. 18 U.S.C. § 3664(k); *see United States v. Grant*, 235 F.3d 95, 100 (2d Cir. 2000). The court may thereafter modify an order of restitution based on this change to the defendant's economic circumstances either sua sponte or on the motion of any party or the victim. 18 U.S.C. § 3664(k); *see also Grant*, 235 F.3d at 100.

Finally, before the district court adjusts the payment schedule, the Attorney General must certify to the court that the victim has been notified of the defendant's changed circumstances. 18 U.S.C. § 3664(k); *see also Grant*, 235 F.3d at 100.

Here, the government filed a notice informing the court that it believed Mr. Grigsby's economic circumstances had materially changed since sentencing. The government also moved for an order modifying the restitution judgment, which the district court entered only after it received the required certification from the government that the victim had been notified of Mr. Grigsby's changed circumstances. Thus, the only issue before us here is whether the district court erred in its legal conclusion that Mr. Grigsby's economic circumstances had materially changed, such that it had discretion to modify the judgment pursuant to § 3664(k).

Mr. Grigsby contends that *the court* changed his economic circumstances by ordering the liquidation of his retirement account. While not expressly stated, this argument implies that Mr. Grigsby believes his economic circumstances had not materially changed prior to the district court's order, as required for § 3664(k) to apply. He also asserts that he "has not tried to recover any monies" from the account but instead has attempted to roll it over into a trust fund for his children (one of whom is the minor victim owed restitution). Aplt.'s Opening Br. at 7–8. As an initial matter, Mr. Grigsby's arguments regarding his abstention from

-12-

withdrawing funds from the account and his desire to create a trust fund are irrelevant; they do not speak to the issue at hand—*viz.*, whether discovery of the previously concealed retirement account constitutes a material change in his economic circumstances.

Turning to that issue, we have not had occasion to address the application of § 3664(k) to circumstances such as these: that is, when a defendant misleads the court at the time of sentencing by not revealing all of his or her assets.[5] One

---

[5]    The district court found that Mr. Grigsby "failed to comply with the statute [18 U.S.C. § 3664(d)(3)], and misled the court at the time of sentencing." Aplee.'s Supp. R. at 69. Mr. Grigsby has offered no compelling evidence or argument to upset this ruling and it is not clearly erroneous. Mr. Grigsby argues that the cash flow and net worth statements are not "mandatory" documents because both documents "use the phrase, '*should* include assets or debts.'" Aplt.'s Opening Br. at 3 (emphasis added). This quote, however, is taken out of context and distorts the import of the documents. First of all, the instructions accompanying the cash flow and net worth statements expressly reference § 3664(d)(3); that statute's plain terms speak in mandatory language and leave no room for doubt that a defendant "*shall*" disclose on the probation office forms "*all assets* owned or controlled by the defendant." 18 U.S.C. § 3664(d)(3) (emphases added). And, read in a broader context, the language quoted by Mr. Grigsby simply is intended to "clarify" that the comprehensive command to disclose all "assets owned, jointly owned, or controlled by a defendant" "should *include* assets or debts that are yours alone," but is not limited to same. Aplt.'s Opening Br., Ex. 1, at 1 (emphasis added); *id.*, Ex. 2, at 1 (emphasis added). Indeed, the net worth statement does not limit in any way the assets that must be disclosed and even specifically lists the asset at issue here—an interest in a pension plan—as an example. *See* Aplt.'s Opening Br., Ex. 2, at 4 ("Net Worth Statement") ("**ANTICIPATED ASSETS** (Include any assets you expect to receive or control from lawsuits for compensation or damages, profit sharing, *pension plans*, inheritance, wills, or as an executor or administrator of any succession or estate.)") (second emphasis added). Accordingly, Mr. Grigsby's suggestion that the cash flow and net worth statements' disclosure directives were permissive, and not mandatory, borders on the fatuous.

of our sister circuits has held that "a court's later understanding that it had sentenced a defendant 'without full knowledge of [his] assets'" cannot "*alone* constitute[] a material change in economic circumstances." *Grant*, 235 F.3d at 100 (emphasis added). The *Grant* court, however, was careful to limit its holding to the facts before it, noting that "the district court made no finding as to whether [the defendant] concealed or failed to report assets . . . . Surely . . . there would be a remedy that would permit the gathering of assets that were unknown to the authorities *as the result of a defendant's dishonesty*." *Id.* (emphasis added); *see also United States v.* Roush, 452 F. Supp. 2d 676, 681 n.6 (N.D. Tex. 2006) ("Discovery of previously unknown or hidden assets would . . . constitute a change in the defendant's economic circumstances that could justify modification under section 3664(k), as it would be a change in the economic circumstances presented to the court at sentencing."); *cf. United States v. Foreman-Pottinger*, No. 09-023, 2009 WL 3347116, at *2 n.1 (E.D. La. Oct. 14, 2009) (refusing to modify restitution under § 3664(k) where government had full knowledge of defendant's assets during sentencing and did not later discover "any previously unknown or hidden assets").

This case presents the exact scenario that the Second Circuit contemplated in *Grant*. Notably, the district court made the very finding that was lacking in *Grant*, namely, that Mr. Grigsby knowingly concealed his primary asset from the court in the financial affidavit that he submitted pursuant to 18 U.S.C.

§ 3664(d)(3). Mr. Grigsby was required to provide the district court with a complete disclosure of his financial assets so that the court could determine his ability to pay restitution. Mr. Grigsby bore the burden of establishing his resources or lack thereof. *See* 18 U.S.C. § 3664(e) ("The burden of demonstrating the financial resources of the defendant and the financial needs of the defendant's dependents, shall be on the defendant."). In his financial affidavit, Mr. Grigsby claimed he had no assets, but now concedes that "[t]he retirement account existed at the time of [his] criminal proceedings."[6] Aplt.'s Opening Br. at 6. Thus, where, as here, the court finds that a defendant failed to disclose (or knowingly concealed) assets at sentencing that would affect his ability to pay restitution, on later discovery of those assets, the court may modify its order of restitution as the interests of justice require pursuant to 18 U.S.C. § 3664(k). The court therefore was authorized to do so here, and we find no error in its action.

## IV

For the foregoing reasons, we **deny** Mr. Grigsby's motion to strike the supplemental record submitted by the United States and **affirm** the district court's

---

[6] While acknowledging that the retirement account *existed* at the time of sentencing, Mr. Grigsby argues that it was not an *asset* at that time. As an initial matter, Mr. Grigsby has offered no support for this position other than his assertion that he had not "received any monies" from the account. Aplt.'s Opening Br. at 6. Even if Mr. Grigsby is correct, this distinction is irrelevant. The net worth statement required Mr. Grigsby to list not just current assets, but *anticipated* assets, and it expressly listed pension plans as an example of just such an asset. *See id.*, Ex. 2, at 4; *see also supra* note 5.

-15-

order requiring IBEW Local No. 661 to liquidate Mr. Grigsby's retirement account and pay the proceeds to the clerk of the court for application to his restitution judgment.

Entered for the Court


JEROME A. HOLMES
Circuit Judge