**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 3, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

   Plaintiff-Appellee,

v.

BRIAN B. TUCKER,

   Defendant-Appellant.

No. 08-4066

(D. of Utah)

(D.C. Nos.2:07-CV-00999-DB and
2:04-CR-00170-DB-3)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

  Brian B. Tucker requests a certificate of appealability (COA) to seek an appeal from the district court's order that denied his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Appealing pro se,[1] Tucker raises numerous arguments, including several arguments we previously rejected on

---

 [*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

 [**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

 [1] Because Tucker proceeds pro se, we construe his claims liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

direct appeal.  *See United States v. Tucker*, 253 F. App'x 718 (10th Cir. Oct. 26, 2007).  We deny the request and dismiss this appeal.

## Background

Tucker pleaded guilty, with a plea agreement, to two counts of aiding and abetting bank robbery (18 U.S.C. § 2113(a), (d)), to aiding and abetting the using and carrying of a firearm in relation to a crime of violence (18 U.S.C. § 924(c)), and to using an explosive to commit a felony (18 U.S.C. § 844(h)(1)).  He received a twelve-year sentence.

The relevant background was laid out in our prior order denying Tucker's direct appeal:

> On February 20, 2004, Tucker aided and abetted in the commission of an armed bank robbery at the Far West Bank in Orem, Utah, in which two other defendants, Troy Wendall Hansen and Steven Bennett Bingham, obtained approximately $2,200. Hansen carried a shotgun into the bank and discharged a shell into a wall; Bingham carried a handgun. Tucker assisted in the robbery by creating a diversion across town by placing an explosive device underneath a car and calling in a bomb threat to police, and by calling another bank and telling a bank employee that he (Tucker) had placed a bomb in the bank building. On March 5, 2004, Tucker assisted in planning and shared in the proceeds of an unarmed robbery at Zion's Bank in Herriman, Utah, in which Bingham and Hansen entered the bank and obtained approximately $78,000.

*Tucker*, 253 F. App'x at 719–20.  Tucker agreed to plead guilty to four counts originating from the robberies, in exchange for a plea agreement.

The details of the plea agreement are again detailed in our prior order:

Pursuant to the plea agreement, the government agreed to recommend 'the ten year minimum mandatory consecutive sentence as provided for pursuant to 18 U.S.C. § 924(c).' The government made no specific sentencing recommendations regarding the other three counts to which Tucker agreed to plead guilty. The government also agreed to recommend a two or three level reduction in Tucker's offense level under the advisory United States Sentencing Commission, Guidelines Manual, if Tucker demonstrated an acceptance of responsibility, and agreed to consider filing a motion for a downward departure for substantial assistance under USSG § 5K1.1, which would permit the district court to sentence below any applicable statutory minimum sentences.
. . .

Prior to sentencing, the government did file a § 5K1.1 motion, based upon Tucker's substantial assistance, thereby allowing the district court to sentence below the twenty-year statutory minimum. At sentencing, the government recommended a total term of fifteen years' imprisonment for all four counts of conviction. The district court imposed a twelve-year sentence. Tucker appeals, arguing the government breached the plea agreement by recommending a sentence of more than ten years for all four counts.

*Id.* at 720–21 (internal citations omitted).

On direct appeal, Tucker challenged his sentence claiming the government had breached the plea agreement. We rejected his claim and affirmed the sentence. *Id.*

Tucker then filed his motion for § 2255 habeas relief, which the district court denied. *Tucker v. United States*, No. 07-cv-999, 2008 WL 732724 (D. Utah, March 17, 2008). While the appeal of his § 2255 motion was pending, he sought reconsideration and amendment of the district court's judgment, which the district

court construed as a successive application for habeas relief and transferred to this court. We dismissed the motion, noting that his appeal of the underlying § 2255 motion was still pending.

We now take up the appeal of his § 2255 motion, which asks for COA on nine issues:

(1) lack of a factual basis to support conviction under 18 U.S.C. § 924(c);
(2) improper court participation in plea negotiations;
(3) failure to recognize how Tucker was coerced into committing the crime;
(4) government breach of the plea agreement;
(5) factual errors in the presentence report;
(6) punishment for exercising a constitutional right;
(7) government suppression of mitigating evidence;
(8) prosecutorial vindictiveness; and
(9) ineffective assistance of counsel.

The district court denied the motion and denied COA on all these issues, as well as one issue not presented on appeal.[2] *Tucker v. United States*, No. 07-999, 2008 WL 732724 (D. Utah, March 17, 2008).

## Discussion

Before Tucker may appeal the district court's denial of his motion for habeas relief, either the district court or this court must issue a COA. 28 U.S.C. § 2255(c)(1)(B). To obtain a COA, a petitioner must make a "substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In order to satisfy this standard, the petitioner must

---

[2] The issue raised below but not raised on appeal involved illegal seizure and restitution.

-4-

demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).  Under this review, "a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail."  *Miller-El*, 537 U.S. at 338.  In reviewing a denial of a § 2255 motion, we review the district court's legal rulings de novo and its factual findings for clear error.  *United States v. Orange*, 447 F.3d 792, 796 (10th Cir. 2006).

For substantially the same reasons as the district court, we deny Tucker's motion for COA.  We conclude the district court's denial of Tucker's § 2255 motion is not reasonably debatable, and Tucker's motion warrants no further attention.  We first consider Tucker's claim already rejected by this court on direct review, and then consider the remaining claims which should have been raised on direct review.

### 1.  Claim barred by direct review

Tucker's fourth argument, alleging the government breached the plea agreement, was resolved by this court on direct appeal.  *See Tucker*, 253 F. App'x at 721–25.  Consequently, that argument may not be reasserted in this § 2255

-5-

proceeding.  *See United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994);

*United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989).

**2.  Claims that should have been raised on direct appeal**

Tucker's remaining eight claims could have been raised on direct review,

but were not.  A § 2255 proceeding may not be used to raise issues that should

have been raised on direct appeal.  *See United States v. Warner*, 23 F.3d 287, 291

(10th Cir. 1994).  But Tucker seeks to avoid the procedural bar that typically

arises under these circumstances by asserting that his appellate counsel was

ineffective in omitting these arguments from his direct appeal.  *See United States*

*v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004) (noting that a § 2255 movant's

failure to raise arguments on direct appeal imposes a procedural bar to habeas

review unless he can show both good cause and actual prejudice to his defense, or

that failure to consider the argument will result in a fundamental miscarriage of

justice).

To establish ineffective assistance, Tucker must show both that counsel's

performance was deficient and there is a reasonable probability that the deficient

performance was prejudicial.  *Strickland v. Washington*, 466 U.S. 668, 694

(1984).  We conclude that Tucker's appellate counsel did not perform deficiently

in failing to raise these issues.  Tucker fails to show that any of the alleged errors

fell below an objective standard of reasonable performance, and even if there was

deficient performance, whether he was prejudiced.  We briefly review each

argument that Tucker claims should have been raised by appellate counsel. We agree with the district court that each lacks merit.

*First*, Tucker challenges his aiding and abetting conviction for violating 18 U.S.C. § 924(c) for not having a sufficient factual basis to support his conviction. Tucker claims there was insufficient evidence showing he knew a cohort would use a weapon during the bank robbery. *See United States v. Vallejos*, 421 F.3d 1119, 1125 (10th Cir. 2005) (discussing requirement for proof of knowledge for § 924(c) conviction). However, Tucker explicitly admitted in his plea agreement that he knew his cohorts used weapons during the robbery. Thus, the argument lacks merit and Tucker's appellate counsel was not deficient for failing to raise the point on direct appeal.

*Second*, Tucker claims the court improperly participated in the plea negotiations. We have fully reviewed the record and Tucker's arguments and we see no factual basis for the allegation. Tucker relies on *United States v. Garfield*, 987 F.2d 1424 (9th Cir. 1993), and Federal Rule of Criminal Procedure 11 for his claim. Tucker evidently believes the district court's decision to entertain sentencing without "continuing" to hear a Rule 35 motion "sabotaged the intent of the plea agreement." Tucker Opening Br. at 20, 21. However, these alleged facts only deal with the district court's discretionary decision to manage its docket for sentencing purposes and do not show any court participation in plea discussions. Furthermore, the government never filed a Rule 35 motion, and at sentencing,

explained to the district court why the government was not going to file a Rule 35 motion. Without any factual basis, we cannot find Tucker's appellate counsel was deficient in failing to raise the point on direct appeal.

*Third*, Tucker claims he should have been granted a downward departure because he was coerced into joining the robberies. In this case, Tucker raised the issue of coercion and duress as supporting a downward departure under the United States Sentencing Guidelines (USSG) § 5K1.12 in his motion for a downward departure dated December 12, 2006. The twenty page motion raised the USSG § 5K2.12 argument as the lead argument. The district court was aware of the alleged facts and the requested downward departure before imposing Tucker's sentence. The district court ultimately decided to grant Tucker a generous downward departure, and was under no obligation to address and explain in detail every argument supporting a sentence not imposed. *See United States v. Jarillo-Luna*, 478 F.3d 1226, 1230 (10th Cir. 2007). Because the specific downward departure motion for coercion and duress was squarely presented to the district court, and rejected, we will not review the discretionary decision to deny a downward departure on those specific grounds. *United States v. Chavez-Diaz*, 444 F.3d 1223, 1229 (10th Cir. 2006). Tucker's claim is thus meritless and appellate counsel's failure to raise the claim was not improper.

Under the same coercion theory, Tucker also contends the district court should have held an evidentiary hearing on this claim. But the district court

retains broad discretion regarding evidentiary hearings: "[g]enerally, the decision to hold an evidentiary hearing 'is vested in the broad discretion of the district courts, and [is] . . . review[ed] . . . only for an abuse of discretion.'" *Vigil v. Zavaras*, 298 F.3d 935, 943 (10th Cir. 2002) (quoting *United States v. Davis*, 60 F.3d 1479, 1483 (10th Cir. 1995)). Tucker cites no authority and makes no clear argument for why the district court would have erred in not granting an evidentiary hearing. Tucker's appellate counsel, as a result, was not deficient for failing to raise these related arguments either.

*Fourth*, Tucker claims there were factual misstatements in both the presentence report and at the sentencing hearing. As the district court explained, several of the facts that Tucker challenges on habeas review were raised by Tucker at the change of plea hearing. Most of his contentions, however, were not raised at the change of plea hearing, nor were they raised in objections to the presentence report. On COA, Tucker tries to shoehorn these minor factual contentions into a full constitutional *Booker* violation, *United States v. Booker*, 543 U.S. 220, 224 (2005), presumably arguing the court relied on judge-found facts to enhance his sentence. However, *Booker* does not prohibit all judge-found facts, but only those facts necessary to support the sentence which are not established by a plea or admitted by the defendant. *See Booker*, 543 U.S. at 224. Because Tucker admitted facts sufficient to support his sentence in his guilty

plea, his appellate counsel was not deficient for choosing not to raise these arguments on direct appeal.

*Fifth*, Tucker argues he was punished for invoking a constitutional right. Tucker claims he exercised his right to remain silent, which his co-defendants did not, and then Tucker was given a longer sentence than his co-defendants, allegedly because he invoked his right. Upon reviewing the record, we find no indication that Tucker was in any way "punished" at sentencing on account of his decision to remain silent. The sentences of his co-defendants were distinct; nothing indicates the district court sentenced Tucker to a longer term because he invoked his right to remain silent. Tucker's appellate counsel therefore was not deficient for failing to raise the argument on direct appeal. Tucker's longer sentence was based on a failure to cooperate, which we have never held to implicate a constitutional right. *See, e.g.*, *United States v. Ruminer*, 786 F.2d 381, 385 (10th Cir. 1986) (citing *Roberts v. United States*, 445 U.S. 552 (1982)).

*Sixth*, Tucker claims the government violated *Brady v. Maryland*, 373 U.S. 83 (1963) by suppressing mitigating evidence. However, the claim reiterates many of Tucker's claims about coercion, addressed above, and prosecutorial vindictiveness, addressed below. There is no merit to Tucker's *Brady* claim. This argument amounts to nothing more than Tucker complaining about the government's determination that he did not fully cooperate with the authorities.

Without a legal or factual basis, appellate counsel was not deficient for failing to raise this issue on direct appeal.

*Seventh*, Tucker claims prosecutorial vindictiveness, based in large part on his co-defendants receiving lesser sentences and the government's failure to file a Rule 35 motion. The district court agreed with the government that Tucker had not provided substantial assistance, and thus his longer sentence was justified. To prove prosecutorial vindictiveness, Tucker must prove either "(1) actual vindictiveness, or (2) a realistic likelihood of vindictiveness which will give rise to a presumption of vindictiveness." *United States v. Lampley*, 127 F.3d 1231, 1245 (10th Cir. 1997). To conclude "the government has engaged in prosecutorial vindictiveness, this court must determine whether the prosecution engaged in conduct that would not have occurred but for the prosecution's desire to punish the defendant for exercising a specific legal right." *United States v. Sarracino*, 340 F.3d 1148, 1178 (10th Cir. 2003) (citing *United States v. Contreras*, 108 F.3d 1255, 1262 (10th Cir. 1997). In the context of plea negotiations, "a presumption of vindictiveness [is] inapplicable to the 'give-and-take' of plea negotiations, but even a showing of actual vindictiveness does not necessarily warrant dismissal of the indictment." *Id.* at 1177; *see also United States v. Vallo*, 238 F.3d 1242, 1249 (10th Cir. 2001). The claimed prosecutorial vindictiveness in this case flows out of the "give-and-take" of the

-11-

plea negotiations. Tucker's appellate counsel was not deficient for failing to raise the claim.

*Eighth*, Tucker claims his counsel was ineffective. Tucker claims all his counsel during the three phases of his proceedings were ineffective. He claims that both his attorneys for pre-sentence proceedings were ineffective, his counsel during sentencing was ineffective, and his appellate counsel for direct review was ineffective. For his pre-sentence counsel, Tucker focuses on the suicide of his initial lawyer and what he describes as a lack of "continuity" with his replacement pre-sentence counsel. Tucker challenges his counsel's performance during sentencing with many arguments which repackage his barred claim that the government breached the plea agreement.

He also challenges the failure to request an evidentiary hearing and failure to challenge the knowledge requirement of the charged crime, i.e, whether he had sufficient knowledge that firearms would be involved in the bank robbery. While it is not entirely clear that Tucker is challenging the effectiveness of his appellate counsel, he did challenge the effectiveness of his appellate counsel before the district court, and construing his pleadings liberally, we also consider his claim of ineffective assistance as being raised for the appellate proceedings.

Tucker must satisfy the familiar two-part test for ineffective assistance established in *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Specifically, Tucker must show that (1) counsel's performance fell below an objective standard

-12-

of reasonableness and (2) there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Id.*

We agree with the district court's *Strickland* analysis that Tucker has not provided any reason to believe his counsel's performance was deficient—not the product of strategic trial choice—that fell below the high standard of objective reasonableness. For example, counsel's failure to challenge the knowledge requirement was reasonable in light of Tucker's express admission in the plea agreement satisfying the knowledge requirement. Furthermore, Tucker's counsel achieved a favorable outcome. Tucker faced a potential sentence of 24 years, yet was ultimately sentenced to only 12 years. This result came from counsel negotiating a favorable plea agreement, obtaining a downward departure motion under USSG § 5K1.1 based on substantial assistance, and successfully arguing for a lower sentence before the district court. After reviewing the entire record, we find Tucker cannot establish deficiency in performance, at any stage, and Tucker was not prejudiced.

In sum, the district court properly denied Tucker's § 2255 motion because his claims were either rejected on direct appeal, or should have been raised on direct appeal and are not saved by ineffective assistance of appellate counsel.

**Conclusion**

Accordingly, we DENY the application for COA.  We also DENY the motion to proceed *in forma pauperis*.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge