FILED
United States Court of Appeals
Tenth Circuit

**June 12, 2009**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

BRIAN B. TUCKER,

    Defendant-Appellant.

No. 09-4030

(D.C. No. 2:04-CR-00170-DB)
(Dist. of Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **ANDERSON,** and **BALDOCK**, Circuit Judges.[**]

---

Defendant Brian B. Tucker appeals, alleging that an amended judgment order contained clerical errors requiring correction under Federal Rule of Criminal Procedure 36. The amended judgment order was itself an attempt to correct minor deficiencies in the first judgment order. Exercising jurisdiction under 28 U.S.C. § 1291, we remand for the limited purpose of correcting clerical errors in the amended judgment to conform with the district court's first correction order.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant pled guilty, pursuant to a plea agreement, to aiding and abetting armed bank robbery; in violation of 18 U.S.C. §§ 2113(a), (d) and 2; aiding and abetting the using and carrying of a firearm in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2; using an explosive to commit a felony, in violation of 18 U.S.C. §§ 844(h)(1) and 2; and aiding and abetting bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2. The district court sentenced Defendant to twelve years' imprisonment, followed by four years of supervised release.

Defendant appealed his conviction, alleging the Government breached the plea agreement. We disagreed, and affirmed. See United States v. Tucker, No. 07-4002, 253 Fed. App'x 718 (10th Cir. 2007). Next, Defendant moved the district court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The district court denied the motion. See Tucker v. United States, No. 2:07-cv-999, 2008 WL 732724 (D. Utah, March 17, 2008). Defendant appealed.

While the first § 2255 appeal was pending, Defendant filed several other motions with the district court. First, Defendant requested a certificate of appealability (COA). Second, Defendant moved the district court to reconsider its denial of his first § 2255 motion. Third, Defendant moved to amend the district court's sentence of restitution. The district court denied the first two motions and transferred the third motion to this Court—construing it as a successive application for relief under 28 U.S.C. § 2255.

We dismissed Defendant's appeal seeking reconsideration of his initial § 2255 motion, noting that Defendant's appeal of the § 2255 motion was still pending. Addressing the underlying § 2255 appeal, we denied Defendant's request for a COA and, therefore, dismissed that appeal as well. See United States v. Tucker, No. 08-4066, 298 Fed. App'x 794 (10th Cir. 2008).

Subsequently, Defendant filed a motion for the district court to correct two clerical errors under Federal Rule of Criminal Procedure 36. First, Defendant contended that the "title and section" numbers of the statutes to which he pleaded guilty were incorrectly denoted in the judgment order. Second, Defendant argued that the "restitution section[]" of the judgment order did not accurately reflect the adjusted calculation of restitution as reflected in a letter from the Government.

On February 12, 2009, the district court granted Defendant's Rule 36 motion (the correction order). The district court ruled that the judgment order should be amended to reflect that Defendant "was adjudicated guilty of violating the following statutory provisions: 18 U.S.C. §§ 2113(a), (d) and 2, 18 U.S.C. §§ 924(c), 2, 18 U.S.C. § 844(h)(1) and 2, and 18 U.S.C. §§ 2113(a), and 2." Although the district court found no evidence supporting a reduction in the total amount of restitution, it noted the Government conceded that credits "in the amount of $42,861" should be applied, reducing the "total amount that remains owing . . . [to] $22,574.87."

Unfortunately, the amended judgment order *incorrectly* reflected the statutory provisions. Specifically, the amended judgment contained at least three errors.

3

First, the amended judgment referenced 18 U.S.C. § 2113(a)(d)(2) for the armed bank robbery citation, but no such statute exists. Second, the amended judgment referenced 18 U.S.C. § 924(c)(2), for the crime of using a firearm in relation to a crime of violence, but the citation is to a definition in the statute;[1] the district court's correction order, however, referenced both 18 U.S.C. § 924(c) and 18 U.S.C. § 2, making the substantive crime aiding and abetting the using and carrying of a firearm in relation to a crime of violence. See 18 U.S.C. §§ 924(c) & 2. Finally, the amended judgment referenced 18 U.S.C. §844(h)(1) & (2) for the crime of using an explosive to commit a felony, but the district court's correction order directed citation to 18 U.S.C. § 2 here as well. The amended judgment did, however, note that Defendant only owed a remainder of $22,574.87 out of a total $64,435.87 in restitution.

## II.

Defendant advances two arguments on appeal. First, he argues that the total amount of restitution reflected in the amended judgment exceeds the actual loss. Second, he contends that the amended judgment does not accurately reflect the statutes to which he pleaded guilty.

Concerning restitution, Defendant has not presented any evidence that the total

---

[1] Section § 924(c)(2) reads: "For purposes of this subsection, the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act . . ., the Controlled Substances Import and Export Act . . ., or chapter 705 of title 46."

4

amount of restitution, before offsets, is not $65,435.87. The district court's correction order resulted in application of a $42,861 credit to reduce the amount owed by Defendant to $22,574.87. Defendant's appeal raises no meritorious basis to change this amount, which is correctly reflected in the amended judgment order.

To the extent that Defendant challenges the amount of restitution imposed at sentence, we note that Federal Rule of Criminal Procedure 36 "does not give the court authority to substantively modify a Defendant's sentence." United States v. Blackwell, 81 F.3d 945, 949 (10th Cir. 1996). Although we could recharacterize Defendant's appeal as a second or successive petition under 28 U.S.C. § 2255, we decline to do so. See Castro v. United States, 540 U.S. 375, 386-87 (2003) (Scalia, J., concurring) (cautioning against recharacterization because of the potential for "producing prejudice through the court's intervention") (emphasis omitted).

Concerning the clerical errors in citations to the statutes, the Government concedes a limited remand is necessary to remedy these deficiencies. Because the amended judgment order fails to accurately reflect the district court's corrections, we REMAND for the district court to correct the errors.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge

5