FILED
United States Court of Appeals
Tenth Circuit

January 29, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

BRIAN B. TUCKER,

        Tucker-Appellant.

No. 09-4125
(D. of Utah)
(D.C. No. 2:04-CR-00170-DB-3)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA, TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

       Brian B. Tucker pleaded guilty, pursuant to a plea agreement, to numerous charges arising out of a failed bank robbery. The district court sentenced Tucker to twelve years' imprisonment, followed by four years of supervised release.

       He challenges his sentence on appeal. Lacking jurisdiction over Tucker's claims, we dismiss the appeal.

I.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

By way of background, this appeal is the culmination of a series of appeals arising from Tucker's conviction. Tucker first appealed his conviction, alleging the government breached the plea agreement. We disagreed and affirmed. *See United States v. Tucker*, 253 F. App'x 718 (10th Cir. 2007). Next, Tucker moved the district court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The district court denied the motion. *See Tucker v. United States*, No. 07-cv-999, 2008 WL 732724 (D. Utah, March 17, 2008).

Tucker appealed, and while the case was pending, Tucker filed several other motions with the district court. First, Tucker requested a certificate of appealability (COA). Second, Tucker moved the district court to reconsider its denial of his first § 2255 motion. Third, Tucker moved to amend the district court's sentence of restitution. The district court denied the first two motions and transferred the third motion to this court—construing it as a successive application for relief under 28 U.S.C. § 2255.

We dismissed Tucker's appeal seeking reconsideration of his initial § 2255 motion, noting that Tucker's appeal of the § 2255 motion was still pending. Addressing the underlying § 2255 appeal, we denied Tucker's request for a COA and, therefore, dismissed that appeal as well. See *United States v. Tucker*, 298 F. App'x 794 (10th Cir. 2008).

Subsequently, Tucker filed a motion for the district court to correct two clerical errors under Federal Rule of Criminal Procedure 36. First, Tucker

contended that the "title and section" numbers of the statutes to which he pleaded guilty were incorrectly denoted in the judgment order. Second, Tucker argued that the "restitution section" of the judgment order did not accurately reflect the adjusted calculation of restitution as reflected in a letter from the government.

Regarding the restitution, the district court found no evidence supporting a reduction in the total amount of restitution, but it noted the government conceded that credits "in the amount of $42,861" should be applied, reducing the "total amount that remains owing ... [to] $22,574.87." R., Vol. 1, Doc. 206 at 2. On appeal, we upheld the district court's determination. *United States v. Tucker*, 332 F. App'x 484, 486 (10th Cir. 2009).

Regarding the incorrect title and section numbers, the district court ruled that the judgment order should be amended to reflect the proper title and section numbers of the statutes to which Tucker pleaded guilty. On appeal, however, we noted that "[u]nfortunately, the amended judgment order *incorrectly* reflected the statutory provisions," resulting in a clerical error. *Id.* We issued a limited remand only for the district court to correct the clerical errors. *Id.* at 487.

In accordance with our limited remand, the district court corrected the clerical errors and entered the second amended judgment. Tucker now appeals from that second amended judgment, again attempting to challenge his sentence and convictions.

II.

We lack jurisdiction to consider this appeal. Tucker challenges his sentencing and convictions, both of which he had previously appealed and both of which we have upheld. *See United States v. Tucker*, 253 F. App'x 718 (10th Cir. 2007); *United States v. Tucker*, 298 F. App'x 794 (10th Cir. 2008). In regard to this proceeding, the "grant of remand on appeal does not reopen the order appealed from; instead, remand commences a new proceeding which will ultimately terminate in another final order. The first final order cannot be challenged in an appeal of the second final order." *United States v. Mendes*, 912 F.2d 434, 437 (10th Cir. 1990).

Accordingly, Tucker may not now challenge previous orders by appealing the second amended judgment. *See* 15 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3901, at 1 (2d ed.) ("Most court of appeals jurisdiction is a matter of right. The right, however, is limited to a single appeal from any single appealable order; a second appeal cannot be taken from a judgment entered in compliance with the mandate of an earlier appeal.").

As we stated in *United States v. Webb*, 98 F.3d 585 (10th Cir. 1996), "[O]ur jurisdiction to review issues now presented is limited by the scope of our remand and the resulting amended judgment." *Id.* at 589. We remanded to the district court to have it correct clerical errors only. It did so, and that limited remand did

not open the matter for resentencing or for a review of the merits of the convictions.

Accordingly, we AFFIRM the second amended judgment of the district court, and DISMISS this appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge