FILED
United States Court of Appeals
Tenth Circuit

August 23, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

BRIAN B. TUCKER,

      Defendant-Appellant.

No. 10-4199
(D.C. No. 2:04-CR-00170-DB-3)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **EBEL** and **O'BRIEN**, Circuit Judges.

---

Brian B. Tucker, appearing pro se, appeals the district court's order that characterized his motion for return of funds as a second or successive motion under 28 U.S.C. § 2255, and denied relief. Although we conclude that the court should have construed the motion as one for the return of property under Rule 41(g) of the Federal Rules of Criminal Procedure, we agree that there is no relief

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

that can be afforded to Mr. Tucker under Rule 41(g), because the government no longer possesses the funds and sovereign immunity bars a claim for monetary relief.

<u>Background</u>

This case is before us again after we previously considered several appeals by Mr. Tucker concerning his plea agreement and sentence arising from two bank robberies in 2004. The details are outlined in four previous appeals. *United States v. Tucker*, 363 F. App'x 643 (10th Cir. 2010); *United States v. Tucker*, 332 F. App'x 484 (10th Cir. 2009); *United States v. Tucker*, 298 F. App'x 794 (10th Cir. 2008); *United States v. Tucker*, 253 F. App'x 718 (10th Cir. 2007).

Most recently, Mr. Tucker filed on June 28, 2010, a "Motion for Return of Improperly Seized Funds," R. Vol. 1 at 947, in which he sought the return of $7,834 that was seized by the Federal Bureau of Investigation (FBI) from his bank accounts at Zions Bank, one of the victims of the bank robberies. In March 2006, following Mr. Tucker's guilty plea, the money was released to Zions Bank and applied towards his restitution. But according to Mr. Tucker, the government should not have released the funds because they were subject to the third-party claims of "George Tucker, Conrad Tucker, and Shersta Tucker." *Id*. at 948. He claimed that the government should "return them to [him][] [o]r in the alternative to order an evidentiary hearing in order to establish the validity of 3rd party claims to the funds and return said to their rightful claimant." *Id*. at 950. The

government objected on various grounds, including the fact that it no longer had the funds and Mr. Tucker had no authority to file third-party claims.[1]  The district court characterized the motion as "essentially a successive 28 U.S.C. § 2255 motion," *id*. at 1024, and dismissed it because it failed to meet the requirements for filing a second request for habeas relief.  This appeal followed.

## Analysis

The government concedes that the district court erred in construing Mr. Tucker's motion for return of the funds as a second or successive request for relief under § 2255.  Although Mr. Tucker's motion failed to mention Rule 41(g), the gist of the requested relief was the return of the funds either to himself or others.  Under the liberal construction afforded pro se pleadings, we construe Mr. Tucker's motion as having been filed under Rule 41(g).  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

Under different circumstances, we might be compelled to remand the case for further proceedings.  However, it is unnecessary to do so in this case because it is undisputed that the government no longer possesses the funds.  As such, there is no relief available to Mr. Tucker under Rule 41(g).  *See Clymore v. United*

---

[1]	On September 10, 2010, Mr. Tucker's father, Thomas Conrad Tucker, filed a "Notice of Third Party Claim on Funds and Request for Hearing or Return."  R. Vol. 1 at 1016.  The district court has not ruled on this notice, and we express no opinion on the merits.

*States*, 415 F.3d 1113, 1120 (10th Cir. 2005) (holding that "sovereign immunity bars monetary relief in a Rule 41[(g)] proceeding when the government no longer possesses the property"). As such, the district court lacked subject matter jurisdiction to consider the motion.

This case is REMANDED to the district court with instructions to vacate its previous order and enter an order of DISMISSAL for lack of subject matter jurisdiction.

Entered for the Court


David M. Ebel
Circuit Judge