FILED
United States Court of Appeals
Tenth Circuit

November 19, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRIAN B. TUCKER,

Defendant - Appellant.

No. 12-4111

(D. Utah)

(D.C. No. 2:04-CR-00170-DB-3)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this matter. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Defendant and appellant, Brian B. Tucker, proceeding *pro se*, appeals the

denial of various motions he made before the district court. The government has

_____

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 32.1.

filed a motion to compel Mr. Tucker to obtain a certificate of appealability ("COA") in order to file this appeal. Mr. Tucker has, during the pendency of this appeal, filed such a motion. For the following reasons, we deny the application for a COA and dismiss this matter.[1]

## BACKGROUND

Mr. Tucker pled guilty, pursuant to a plea agreement on March 1, 2006, to armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d) and § 2; using and carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) and § 2; using an explosive device to commit a felony, in violation of 18 U.S.C. § 844(h)(1) and § 2; and bank robbery, in violation of 18 U.S.C. § 2113(a). He was sentenced to 144 months' imprisonment.

Mr. Tucker appealed his conviction, arguing that the government had breached the plea agreement by recommending a sentence of more than ten years on all four counts to which he had pled guilty. This court affirmed his conviction. United States v. Tucker, 253 F. App'x. 718 (10th Cir. 2007) (unpublished). Mr. Tucker then filed a motion to vacate, correct or set aside his sentence under 28 U.S.C. § 2255. He made a number of claims in that motion, including a claim that the government had breached the plea agreement.

---

[1]We also deny Mr. Tucker's motion to proceed in forma pauperis on appeal.

The district court denied Mr. Tucker's § 2255 motion on March 17, 2008. United States v. Tucker, 2008 WL 732724 (D. Utah Mar. 17, 2008) (unpublished). With respect to Mr. Tucker's claims that the government had breached the plea agreement, the court determined that it would not consider the claim because it had been raised on direct appeal and resolved against Mr. Tucker. Mr. Tucker appealed, and this court denied his request for a COA to enable his appeal. United States v. Tucker, 298 F. App'x. 794 (10th Cir. 2008) (unpublished).

After various motions, Mr. Tucker filed an "Omnibus Motion for New Sentencing and Relief from Judgment Fed. R. Civ. P. 60(b)" on November 8, 2010. In this motion, Mr. Tucker asked the court to "reopen the habeas petition and to adjudicate the claims of breach of the plea agreement." More specifically, Mr. Tucker alleged that his motion attacks "some defect in the integrity of the federal habeas proceedings" and was therefore a proper Rule 60(b) motion. Mr. Tucker also claimed that he had raised the issue of the breach of the plea agreement in his original 28 U.S.C. § 2255 petition and that the district court erred in finding that the issue had been raised and decided on direct appeal.

On December 30, 2011, Mr. Tucker filed a document labeled "Motion to Enforce Plea Agreement Specific Performance." He asked the court to enforce the plea agreement because the government had breached it by not filing, after sentencing, a Rule 35 motion to reduce Mr. Tucker's sentence based on

substantial assistance.  Because these two motions are clearly related and, ultimately, seek the same relief, we address them together.[2]

The district court, addressing both "related" motions, construed these pleadings as an "extension of [his] original habeas petition" and concluded that they were "procedurally improper and without merit."  United States v. Tucker, 2012 WL 2260995, at *7 (D. Utah June 15, 2012) (unpublished).  Mr. Tucker brings the instant appeal from the denial of his "Rule 60(b)" motion and his motion to enforce the plea agreement.

## DISCUSSION

We first consider whether Mr. Tucker's  "Rule 60(b)" motion is properly reviewed as a true 60(b) motion or as a second or successive 28 U.S.C. § 2255 motion.  Spitznas v. Boone, 464 F.3d 1213, 1216 (10th Cir. 2006) (holding this court reviews the district court's determination "whether the motion is a true Rule 60(b) motion or a second or successive petition").  Our court has explained the difference between the two types of motion:

> Under Gonzalez [v. Crosby, (2005)], a 60(b) motion is a
> second or successive  petition if it in substance or effect asserts or

---

[2]Mr. Tucker argues that his motion to enforce the plea agreement is a simple contract claim, free of any time constraints or limitations.  The Federal Rules of Criminal and Civil Procedure do not contemplate endlessly inventive and free-form motions.  We consider his motion to enforce the plea agreement as a part of his motion, styled a Rule 60(b) motion, arguing that the government breached the plea agreement.

-4-

reasserts a federal basis for relief from the petitioner's underlying conviction. Conversely, it is a "true" 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.

Id. at 1215-16 (citations omitted).[3] Accordingly we have held that the following are purported Rule 60(b) motions which should, in fact, be treated as second or successive habeas petitions:

a motion seeking to present a claim of constitutional error omitted from the movant's initial habeas petition; a motion seeking leave to present "newly discovered evidence" in order to advance the merits of a claim previously denied; or a motion "seek[ing] vindication of" a habeas claim by challenging the habeas court's previous ruling on the merits of that claim.

Id. at 1216 (quoting Gonzalez, 545 U.S. at 2647-48).

"By contrast, a 60(b) motion that challenges only the federal habeas court's ruling on procedural issues should be treated as a true 60(b) motion rather than a successive petition." Id. Under that rationale, "a motion asserting that the federal district court incorrectly dismissed a petition for failure to exhaust,

---

[3]While the Supreme Court in Gonzalez expressly stated that its analysis only applied to cases brought under 28 U.S.C. § 2254, our court, and others, have held that its analysis applies equally to 28 U.S.C. § 2255 cases. See United States v. Nelson, 465 F.3d 1145, 1147 (10th Cir. 2006); see also Gilbert v. United States, 640 F.3d 1293, 1323 (11th Cir. 2011) (en banc), cert. denied, 132 S. Ct. 1001 (2012); United States v. Buenrostro, 638 F.3d 720, 722 (9th Cir. 2011); Curry v. United States, 507 F.3d 603, 604-05 (7th Cir. 2007); Nailor v. United States (In re Nailor), 487 F.3d 1018, 1021-23 (6th Cir. 2007).

procedural bar, or because of the statute of limitations constitutes a true 60(b) motion." Id.

Mr. Tucker's claims on appeal are largely based upon the conduct of the government and himself in connection with his entering into the plea agreement. We therefore set forth those proceedings, as described by the district court in its order denying Mr. Tucker's Rule 60(b) motion and motion to enforce the plea agreement:

> Tucker was facing a possible sentence of some 24 years. In exchange for the guilty pleas the government agreed, among other things, to file a downward departure motion pursuant to §5K1.1 of the Sentencing Guidelines if Tucker provided substantial assistance and to move for a reduction in sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure after the defendant had been sentenced and after "he has provided truthful information and/or testimony regarding the bank robberies, specifically the Grand Junction case."

> With this deal in place, Tucker entered his guilty pleas on March 1, 2006. His sentencing hearing was originally set for May 4, 2006, but was continued while Tucker was engaged in debriefings with the government. Finally, and this is significant for purposes of the present motions, Tucker's sentencing took place on December 21, 2006, some seven-and-a-half months later, which was *after* Tucker had been debriefed by the government and after he had provided whatever information he would provide to the government about the bank robberies, including the Grand Junction robbery.

United States v. Tucker, Nos. 2:04-CR-00170, 2:07-cv-000999, 2012 WL 2260995, at *1 (D. Utah June 15, 2012) (unpublished) (quoting Statement in Advance of Plea at 7) (emphasis added). Furthermore, prior to the sentencing hearing, the government filed a USSG §5K1.1 motion which would allow the

sentencing court to depart below the consecutive ten-year mandatory minimum sentences Mr. Tucker faced, in exchange for Mr. Tucker's "substantial assistance" to the government. The district court noted that the "quantity and quality" of Mr. Tucker's assistance was "a significant factor at the sentencing hearing and was discussed in detail." Id., 2012 WL 2260995, at *2. After expressing reservations as to whether Mr. Tucker's assistance qualified as "substantial," the sentencing court granted the § 5K1.1 motion and sentenced Mr. Tucker to 144 months (twelve years) in prison, some twelve years below the twenty-four-year sentence he could have received. During the sentencing proceedings, both parties also discussed the possibility of a Rule 35 motion to further reduce Mr. Tucker's sentence. No such motion was ever filed.

In denying the motions at issue in this appeal, the district court quoted from the sentencing court's determination that a Rule 35 motion would have made no difference to Mr. Tucker's sentence:

> Whatever [Mr. Tucker] has done to assist the government and to assist the prosecutor will be reported to me by the prosecutor, and that will be the basis for the recommendation from the prosecutor on how far below those mandatory minimum sentences I should go. It does not matter if it is a 5K1.1 supplemented by an additional 5K1.1 or a Rule 35 motion, the factual content of the substantial assistance will drive their recommendation and that has occurred.

Id. at *3 (quoting sentencing transcript).

Furthermore, the sentencing court also discussed the government's reasons for not filing a Rule 35 motion: Mr. Tucker was "not forthcoming" with

-7-

information about the robberies in question, including the Grand Junction robbery, while his co-defendants, who received lesser sentences, "came forward immediately and confessed their involvement in the crimes, unlike [Mr. Tucker] who continued to minimize his involvement." Id. at *5.

As indicated above, Mr. Tucker's direct appeal argued that the government breached the plea agreement "by recommending a sentence of more than ten years for all four counts." Tucker, 253 F. App'x. at 720-21. We rejected that argument. He made the same argument in his 28 U.S.C. § 2255 petition, and, on appeal from the district court's denial of a COA to appeal the dismissal of that petition, we held that Mr. Tucker could not raise that argument in his § 2255 proceeding because it had been resolved on direct appeal. Id. at 797 (citing United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994)).

In the instant "Rule 60(b)" motion, Mr. Tucker once again raises the government's claimed failure to comply with the plea agreement, albeit in a slightly different guise—i.e., he argues now that the government failed to comply with the plea agreement by failing to file a Rule 35 motion after sentencing. The substance of the issue, however—whether the government breached the plea agreement—remains the same. The district court correctly observed that, whether we characterized his current motion as a Rule 60(b) motion or a second or successive § 2255 motion, neither was a proper vehicle for  raising the issue of the government's failure to comply with the plea agreement. Tucker, 2012 WL

2260995, at *6 (citing <u>United States v. Frady</u>, 456 U.S. 152, 165 (1982)

(providing a § 2255 proceeding may not be used to raise issues that should have

been raised on a direct appeal))); <u>See also</u> <u>Spitznas</u>, 464 F.3d at 1215-16

(providing that Rule 60(b) may not lead to a "merits-based attack on the

disposition of the prior habeas petition."). Thus, the court ruled this claim is

procedurally barred.

Additionally, the district court rejected the argument on its merits. As the

district court observed, by the time Mr. Tucker was sentenced,

> one thing was clear: . . . [Mr. Tucker] had provided to the
> government all of the information upon which the government would
> base its decisions regarding the extent of his cooperation and the
> resulting recommendation by the government regarding an
> appropriate reduction in his sentence because of such cooperation.
> His sentence had been delayed for that very purpose. By the time of
> the sentencing hearing, the government's obligation under the plea
> agreement with respect to § 5K1.1 and Rule 35 had become merged.
> They both addressed the same thing: how much of a sentencing
> reduction the government would recommend for Tucker's assistance.
> The prosecution knew that, the court knew it, and Tucker knew it.

<u>Id.</u>[4]

---

[4]The district court also observed that Mr. Tucker's Rule 60(b) motion was premised on the government's purported obligation to file a Rule 35 motion *after* sentencing. The court noted that, in fact, it was clear all along that the Rule 35 motion could be filed *pre-* or *post*-sentence, and that, by the time of his sentencing, Mr. Tucker knew full well that no such motion would be filed. In his change of plea hearing, Mr. Tucker referred to a "Rule 35 motion from the government either pre- or post-sentence." Tr. of Change of Plea Hr'g at 10, R. Vol. 4 at 113.

Thus, the district court found the motions procedurally barred and/or meritless. If this attempted appeal presents a true Rule 60(b) motion (subsequently denied by the district court), Mr. Tucker must obtain a COA before proceeding with his appeal. Spitznas, 464 F.3d at 1218. Additionally, while this court's case law has not been entirely consistent on this point, it appears that a COA is also required to appeal the dismissal of an unauthorized § 2255 motion. United States v. Harper, 545 F.3d 1230, 1233 (10th Cir. 2008) ("[W]e hold that the district court's dismissal of an unauthorized § 2255 motion is a 'final order in a proceeding under section 2255' such that § 2253 requires petitioner to obtain a COA before he or she may appeal." (quoting 28 U.S.C. § 2253(c)(1) & (B))). As indicated above, Mr. Tucker has now filed the required request for a COA.

We accordingly consider the propriety of a COA. A COA may only issue "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The district court denied Mr. Tucker's motions (whether construed as Rule 60(b) motions or successive § 2255 motions) because they were procedurally barred, as well as meritless. In such a case, "where the decision appealed from involves a procedural ruling of the district court, a COA may only issue if 'the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling.'" Spitznas, 464 F.3d at 1225 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).[5]

There can be no doubt as to the propriety of the district court's ruling that Mr. Tucker's claims were procedurally barred because he could not raise issues asserted in prior petitions. Furthermore, no juror of reason would question the district court's determination that Mr. Tucker's claim of breach of the plea agreement was also meritless.

To the extent Mr. Tucker's motion is, in reality, a second or successive § 2255 petition, he must obtain certification from this court before filing it. 28 U.S.C. § 2255(h). A second or successive motion is certified only when "newly discovered evidence" clearly and convincingly establishes that no "reasonable fact finder" would find Mr. Tucker guilty, or he demonstrates the Supreme Court has iterated a new, retroactive rule of constitutional law "that was previously unavailable." Id. Mr. Tucker makes no such showing. His motion was indisputably successive and unauthorized by this court. In that event, the district court had no jurisdiction to proceed. Reasonable jurists could not, therefore,

---

[5]We note that Mr. Tucker must also show that reasonable jurists would find it debatable whether he has stated a valid claim of the denial of a constitutional right. Thus, we consider the district court's dismissal of Mr. Tucker's claim as meritless, as well as procedurally barred.

debate the district court's decision to dismiss, and we accordingly deny Mr.

Tucker's application for a COA.[6]

## CONCLUSION

For the foregoing reasons, we DENY a COA and dismiss this matter.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[6]We have carefully reviewed Mr. Tucker's brief and we reject his remaining arguments as irrelevant or unpersuasive.

-12-